**Abatement Order filed December 6, 2012**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00348-CV
_____

**SUSAN MEEK, M.D., Appellant**

**V.**

**ROCKNE ONSTAD INDIVIDUALLY AND D/B/A THE ONSTAD LAW FIRM AND JOYCE STAMP LILLY INDIVIDUALLY AND D/B/A JOYCE STAMP LILLY, RN, JDPC, Appellees**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 07-DCV-156522**

## ABATEMENT ORDER

The court reporter, Edward Meaux, informed this court he has been unable to locate the exhibits in this case. Appellant filed a motion to remand for a new trial or, alternatively, to abate for a hearing. Appellees responded, and agreed abatement would be appropriate.

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . ;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replace either by agreement or the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, appellant's motion is granted in part and the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant exhibits have been lost or destroyed; (3) whether the lost exhibits are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing exhibits with copies, or (5) if the trial court can determine that copies accurately duplicate the missing exhibits with reasonable certainty. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, on or before **January 7, 2013.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with

this court's order.  If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.